PRICE LAW GROUP, APC
David Chami, Esq. (Bar No. 218456)
1204 East Baseline Road, Suite 102
Tempe, Arizona 85283
Telephone: 866.881.2133
Facsimile: 866.401.1457
david@pricelawgroup.com

Attorney for Plaintiff
ELENA M. NOGUERO

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ELENA M. NOGUERO; an individual,<br><br>                 Plaintiff,<br><br>         vs.<br><br>ACCOUNT CONTROL TECHNOLOGY, INC., a corporation; and DOES 1 to 10, inclusive,<br><br>                 Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br><br>**2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

## COMPLAINT FOR DAMAGES

### I.    INTRODUCTION

1.     Elena M. Noguero ("Plaintiff") brings this action against Account Control Technology, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  The FDCPA prohibits false or deceptive practices in connection with the collection of debts.  The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

- 1 -

## II.   JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) which states that any action to enforce liability created by the FDCPA may be brought in any appropriate United States district court.  Jurisdiction of this court also arises under 28 U.S.C. §§ 1331, 1337 and 1367.

3.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Plaintiff resides in this District, Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

## III.   PARTIES

4.      Plaintiff is an individual residing in Peoria, Maricopa County, Arizona 85382. Plaintiff is a natural person obligated or allegedly obligated to pay any debt and, as such, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5.      Defendant is corporation, registered under the laws of the State of California. Defendant's Agent for Service of Process is Dale Van Dellen, 21700 Oxnard Street, Suite 1400, Woodland Hills, California 91367.

6.      Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another. Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, Arizona.  Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.      The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

///

///

COMPLAINT FOR DAMAGES
14-cv-XXXXXX

## IV.  FACTUAL ALLEGATIONS

8.      Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect a debt originally incurred the Department of Education ("alleged debt").

9.      The alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.  Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

10.      At all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers 513-234-3014, 513-234-3034, 513-234-3043, 513-234-3056, 513-234-3059, 513-234-3106, 513-234-3138, 513-234-3169, 513-234-3243, 513-234-3244, and 602-388-1513.  At all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone numbers 513-234-3014, 513-234-3034, 513-234-3043, 513-234-3056, 513-234-3059, 513-234-3106, 513-234-3138, 513-234-3169, 513-234-3243, 513-234-3244, and 602-388-1513.

11.      Between October 30, 2013, and January 16, 2014, Defendant called Plaintiff from no less than eleven (11) different telephone numbers.

12.      Defendant's practice of calling Plaintiff from multiple different numbers was intended to mislead Plaintiff.  Defendant's practice of calling Plaintiff from multiple different numbers misleads Plaintiff.  Defendant's practice of calling consumers from multiple different numbers would be misleading to the least sophisticated consumer.

13.      Within one year prior to the filing of this action, Defendant constantly and continuously called Plaintiff at, but not limited to, Plaintiff's cellular telephone number 602-577-0502.

14.      Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly.  For example, between October 22, 2013, and December 19, 2013, Defendant called Plaintiff no less than fifty-one (51) times.

15.     Within one year prior to the filing of this action, Defendant regularly called Plaintiff multiple times over the course of one day.  For example, on or about, but not limited to, November 21, 2013, Defendant called Plaintiff no less than five (5) times over the course of one day.  On or about, but not limited to, October 22, 2013, Defendant called Plaintiff no less than four (4) times over the course of one day.

16.     Within one year prior to the filing of this action, on multiple occasions, Plaintiff answered the telephone when Defendant called and the call was disconnected before Plaintiff was able to speak with a representative of Defendant.

17.     On or about October 22, 2013, at approximately 4:46 p.m., Defendant called Plaintiff.  Plaintiff answered the telephone and spoke with a representative of Defendant who identified himself as "Robert."  Plaintiff notified Defendant multiple times Plaintiff was unable to make any payments.  Plaintiff notified Defendant multiple times Plaintiff would contact Defendant when Plaintiff was able to make a payment.  Plaintiff requested multiple times that Defendant stop calling Plaintiff in the future.  "Robert" told Plaintiff the collection calls would continue.  "Robert" told Plaintiff he could not stop the collection calls until Plaintiff agreed to a payment plan.  "Robert's" statement that he could not stop the collection calls until Plaintiff agreed to a payment plan was false and/or misleading.

18.     Subsequent to October 22, 2013, Defendant called Plaintiff on Plaintiff's cellular telephone no less than fifty-five (55) times.

19.     On or about October 30, 2013, at approximately 8:18 a.m., Defendant called Plaintiff.  Plaintiff answered the telephone and spoke with a representative of Defendant who identified himself as "Robert."   Plaintiff notified Defendant multiple times Plaintiff was unable to make any payments.  Plaintiff notified Defendant multiple times Plaintiff would contact Defendant when Plaintiff was able to make a payment.  Plaintiff requested multiple times that Defendant stop calling Plaintiff in the future.  "Robert" told Plaintiff that was not how it worked.   "Robert" told Plaintiff Defendant would continue to collect no matter what.  "Robert" told Plaintiff she could get telephone calls until she was blue in the face.  "Robert" told Plaintiff Defendant would not stop calling until Plaintiff agreed to a payment arrangement.  "Robert"

- 4 -

COMPLAINT FOR DAMAGES
14-cv-XXXXXX

1   told Plaintiff Defendant was allowed to contact Plaintiff on her number until Plaintiff took

2   further action. "Robert's" statements to Plaintiff were false and/or misleading.

3      20.  Subsequent to October 30, 2013, Defendant called Plaintiff on Plaintiff's

4   cellular telephone no less than fifty-two (52) times.

5      21.  Defendant's conduct as described in detail above was intended to harass,

6   oppress, or abuse Plaintiff.

7      22.  Defendant's conduct as described in detail above amounted to false, deceptive,

8   or misleading representations or means in connection with the collection of any debt.

9      23.  Defendant's conduct as described in detail above amounted to false

10  representations or deceptive means to collect or attempt to collect any debt or to obtain

11  information concerning Plaintiff.

12     24.  Defendant's conduct as described in detail above amounted to unfair or

13  unconscionable means to collect or attempt to collect the alleged debt.

14     25.  At all times relevant to this action, while conducting business in Arizona,

15  Defendant has been subject to, and required to abide by, the laws of the United States, which

16  included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA

17  Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC

18  implementing, interpreting and enforcing the TCPA and the TCPA regulations.

19     24.  At all times relevant to this action, Defendant owned, operated and/or controlled

20  an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that

21  originated, routed and/or terminated telecommunications.

22     25.  Within four years prior to the filing of this action, Defendant called Plaintiff at

23  Plaintiff's cellular telephone multiple times using an artificial prerecorded voice or using

24  equipment which has the capacity to store or produce telephone numbers to be called, using

25  random or sequential number generator and to dial such numbers, also known as an "automatic

26  telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

27  ///

28  ///

COMPLAINT FOR DAMAGES
14-cv-XXXXXX

26.     Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

27.     Even assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on October 22, 2013 and October 30, 2013.

28.     At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

29.     Defendant is not a tax exempt nonprofit organization.

30.     Defendant's violation of the TCPA was willful.  Defendant's violation of the TCPA was willful because Plaintiff requested no less than two (2) times that Defendant stop calling Plaintiff on Plaintiff's cellular telephone.

31.     Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than fifty-five (55) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## V.     FIRST CAUSE OF ACTION

### (Violation of the FDCPA, 15 U.S.C. § 1692)

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

///

///

- 6 -

(b)      Defendant violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversations repeatedly or continuously with intent to annoy, abuse or harass any person at the called number; and

(c)      Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt; and

(d)      Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(e)      Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

34.      Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35.      As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI.   SECOND CAUSE OF ACTION

### (Violations of the TCPA, 47 U.S.C. § 227)

36.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.      Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

(a)      Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

COMPLAINT FOR DAMAGES
14-cv-XXXXXX

(b)      Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

38.      As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

39.      Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)      Declaratory judgment that Defendant's conduct violated the FDCPA and the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b)      An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c)      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. § 227(b)(3)(B); and

(d)      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); and

(e)      As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f)      As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one

thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(g)    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(h)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(i)    For such other and further relief as the Court may deem just and proper.

## VIII.   DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: February 19, 2014              PRICE LAW GROUP, APC

By: /s/ David Chami

David Chami, Esq.
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES
14-cv-XXXXXX